Harris, J.,
delivered the opinion of the Court.
The defendants in error brought this suit before a justice of the peace for Hamilton county, and recovered judgment for the sum of $166 06, on the 23d day of November, 1854, and the defendants appealed to the Circuit Court. Upon a trial in the Circuit Court, there was a verdict and judgment for the plaintiffs for the sum of $166 06 debt, and $52 50 damages ; and a new trial was asked for and refused by the Court; and the defendants *109 Rave appealed in error to this Court. Upon the trials, both before the justice and in the Circuit Court, the only evidence offered in support of the action ivas an account made out by the plaintiff against the defendants for two boxes of shoes, which, plaintiffs charge, had been delivered to defendants as common carriers, and by them lost on their road.
To this account was appended the affidavit of E. A. Mead, one of the plaintiffs, that the account for said two ■ boxes, so charged to be lost, amounting to $166 06, was “just and true, and unpaid, and in favor of E. A. Mead & Co.”
This affidavit was sworn to before a justice of the peace for the county of Jackson and the State of Alabama; and the official character of the justice was properly certified.
On the trial, this testimony was objected to by the defendants’ counsel; but the objection was overruled by the Court, and the testimony was permitted to go to the jury, to which the defendants excepted.'
The first question presented is, was the testimony competent ? In support of its competency, we are referred to the act of 1819, ch. 25, C. & 1ST. 71, which provides, “ that, when any suit shall be brought on an account coming from any other county or State, with the affidavit of the plaintiff, and a certificate of the justice annexed to said account, and also the clerk’s certificate that said justice is an acting justice within his county, the justice of the peace or court having cognizance of said suit shall proceed to enter up judgment on. said account, and issue execution accordingly, unless the defendant shall, on oath, deny the justice of said account.” Under the provisions of this act, the defendants in error insist that the proof is competent. *110 By the common law, a party is not permitted to giye evidence in his own case. Then, how far was it the intention of the Legislature to relax and change this rule of common law by the passage of the act under consideration?
It certainly was not the purpose of the Legislature to so far abolish the rules of evidence as to permit the plaintiff who might reside in a different county or State, in every case where he might suppose he had a cause of action, either in tort or ex contractu, to set out his cause of action in the form of an account, and then, prima facie, at least, to make out his case by his own affidavit; and yet, were we to rule this evidence admissible, we know of no principle which could be successfully interposed to prevent such consequences. "We think that, “ owing to the migratory habits of our population, whereby creditors and debtors become dispersed,” the Legislature found it necessary to provide this remedy, “ to save creditors the trouble and expense of establishing, by the usual evidence, such demands as were justly due, and against which no real de-fence existed, and to afford an easy and cheap means of collecting them.”
But certainly it was never intended by the Legislature to extend this remedy beyond cases of dealings between the parties which were properly matters of account; at least, not to cases for torts.
We therefore think that the Circuit Judge erred in permitting this evidence to go to the jury, for which the judgment will be reversed, and the cause remanded for another trial.
As the cause goes off upon this point, we deem it unnecessary, at present, to notice the other question presented.